DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Thomas Jones, appeals his conviction and sentence on two counts of gross sexual imposition entered by the Summit County Court of Common Pleas, Juvenile Division. We affirm.
 I. {¶ 2} On the afternoon of May 26, 2002, two minor female children, A.W., aged ten, and C.C., aged nine, were visitors in the home of Jones' family. The two girls were accompanied by their babysitter, Linda Jackson, who was a friend of the Jones family. Also present in the home that day were Jones, his father, his father's girlfriend, his infant sister, and John Dugan ("Doogie"), another family friend.
 {¶ 3} At some point in the afternoon, the two girls asked Jones to go outside with them to play. While outside, the three went into the yard of a neighboring vacant house. The yard contained a picnic table sitting upon a deck and a porch swing on a stand. Doogie followed closely behind the children.
 {¶ 4} In a trial before a magistrate, testimony varied as to what transpired between Jones and the two girls while the parties were in the yard. The two girls testified that, while outside with Jones and Doogie, Jones touched them inappropriately, putting his hand down the pants of one, and on the crotch and breast of the other. Jones denied that he touched either girl. Doogie testified that he did not see Jones touch either girl.
 {¶ 5} The magistrate found Jones to be a delinquent child by reason of two counts of gross sexual imposition in violation of R.C.2907.05(A)(4), felonies of the third degree if committed by an adult. The magistrate committed Jones to the custody of the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to exceed Jones' attainment of the age of twenty-one years on the first count, and an identical commitment on the second count to be served consecutive to the time imposed in the first count. The trial court adopted the magistrate's decision, and entered judgment accordingly. Jones timely appealed, raising three assignments of error.
 II. Assignment of Error No. 1
"The trial court erred in ordering consecutive as opposed to concurrent Terms[.]"
 {¶ 6} In the first assignment of error, Appellant argues that it was error to impose consecutive sentences when Appellant had no record of prior offenses of this nature, he did not commit any further offenses during the proceedings in the trial court, and he was cooperative and respectful with authorities.
 {¶ 7} When imposing a consecutive sentence, the trial court must state its findings and reasons on the record pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). State v. Jones (2001), 93 Ohio St.3d 391,399. We note that Jones is not arguing that the trial court did not make required findings and did not state the reasons for the consecutive sentence, but instead argues that there were mitigating circumstances, which rendered consecutive sentences inappropriate.
 {¶ 8} Appellants have failed to set forth a single, legal authority to support the contention that the trial court erred in imposing consecutive sentences in light of the mitigating circumstances offered. Appellants have failed to provide citations to authorities in support of this assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(7). Appellants had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No 96CA0086, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. As Jones did not cite to any legal authority, his assertions cannot be considered as sufficient to meet their burden of affirmatively demonstrating error on appeal.
 {¶ 9} Accordingly, because Jones has failed to set forth any legal error by the trial court in the fifth assignment of error, this court chooses to disregard it. Jones' first assignment of error is overruled.
 Assignment of Error No. 2
"Appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States [Constitution], and the prejudice caused by this ineffectiveness resulted in wrongful conviction[.]"
 {¶ 10} In his fourth assignment of error, Jones argues that his trial attorney should have engaged the services of an expert to present testimony on the credibility of children as witnesses. Jones maintains that the failure to secure an expert constitutes ineffective assistance of counsel. We disagree.
 {¶ 11} In order to show ineffective assistance of counsel, it must be shown that: (1) council's performance was deficient to the point that representation was not adequate to meet Sixth Amendment guarantees, and (2) "the deficient performance prejudiced the defense." Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. An appellate court may analyze the prejudice prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. State v.Loza (1994), 71 Ohio St.3d 61, 83. Accordingly, we will begin our analysis with a discussion of the prejudice prong of Strickland.
 {¶ 12} "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. There are numerous ways to provide effective assistance of counsel, and debatable trial tactics and strategies do not constitute a denial of that assistance. State v.Clayton (1980), 62 Ohio St.2d 45, 49. A defendant must demonstrate that defense counsel's trial tactics prejudiced him, not merely speculate that trial counsel's allegedly deficient performance prejudiced the defense. See State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 13} Jones's counsel thoroughly cross-examined the children and was afforded the opportunity at closing arguments to point out any inconsistencies in their testimony. Jones does not indicate what the expert's testimony would have been other than to "testify as to the credibility of children as witnesses." Jones' argument is based entirely upon speculation that such a witness exists, and speculation as to what the testimony of such a witness would be. Therefore, Jones' claim fails the second prong of the Strickland test. Jones' second assignment of error is without merit and is overruled.
 Assignment of Error No. 3
"Appellant was adjudicated a delinquent child based upon insufficient evidence as a matter of law[.]"
 {¶ 14} In the third assignment of error, Jones argues that the state did not prove beyond a reasonable doubt that Jones committed the offenses against the victims. Although Jones frames this issue as one of sufficiency of the evidence, he actually argues that the conviction is against the manifest weight of the evidence.
 {¶ 15} As an initial matter, this court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. Statev. Manges, 9th Dist. No. 01CA007850, 2002 Ohio 3193, at ¶ 22, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Manges, at P24.
 {¶ 16} In reviewing whether a conviction is against the manifest weight of the evidence, this court must:
"[r]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 17} Jones argues that "there were four individuals in the immediate surroundings where the alleged actions occurred." Two of the individuals were children; the other two were Jones and an adult male. Jones claims that because the only testimony of any sexual contact came from the children, and the children's testimony was contradicted by the two males, then the state did not meet its burden of proof. Further, Jones argues that the children's testimony was inconsistent with one another. The inconsistencies Jones points out are that: (1) A.W. stated that Doogie was present while C.C. says he was not; (2) A.W. stated that she, Jones and C.C. were sitting on the picnic table when the touching occurred, while C.C. testified that she and A.W. were sitting on the swing when the touching occurred; (3) A.W. was inconsistent in her stated reasons for going next door; (4) A.W. testified that Jones did not touch her inside her underwear and then said that he did; (5) A.W. states that she "immediately" ran and told the babysitter, but then also testified that she saw Jones touch C.C.; (6) the children were inconsistent with the order that the parties were in when entering the neighbor's yard; (7) A.W. testified that Doogie closed the gate, while C.C. testified that she did not see Doogie until everyone left the back yard; (8) C.C. was confused as to the first name of the babysitter; (9) C.C. couldn't remember whether she was standing or sitting when Jones went into the yard, yet earlier testified that Jones entered the yard with the children, and then that she could not remember what happened when Jones "came in."
 {¶ 18} R.C. 2907.05(A)(4) states that:
"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"***
"(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 19} Sexual contact is defined as:
"[A]ny touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 20} When there are inconsistencies in the testimony, it is up to the trier of fact to weigh the evidence and assess the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "The trier of fact is free to believe all, part or none of the testimony of each witness." State v. Hill (Aug. 5, 1992), 9th Dist. No 2069, at 3. The discretionary power of an appellate court to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 21} Without determining whether all the inconsistencies claimed by Jones are supported by the record, we find that only two of the argued inconsistencies, as reiterated above, go to the elements of the crime charged. The first inconsistency is whether the touching was outside the clothes or inside; in actuality, it is irrelevant as the testimony regards "touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region[.]" For purposes of meeting the elements, it matters not if the touching was on top of the clothes or under the clothes. The second inconsistency addressing the elements regarded whether or not A.W. saw Jones touch C.C. Jones claims that A.W.'s testimony was that she "immediately" ran to tell the babysitter, but that she also saw Jones touch C.C. A review of the transcript, however, does not indicate that A.W. "immediately" ran to tell the babysitter, only that she went to tell the babysitter. Further, the testimony of the two children was consistent as to the bodily locations of the touching and that Jones was the perpetrator. The credibility of the children was for the trial court to determine, having the opportunity to observe and listen to all the witnesses. There is no support for the proposition that the trial court clearly lost its way and created a manifest miscarriage of justice. Jones' third assignment of error is overruled.
 III. {¶ 22} Jones' three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division is affirmed.
Judgment affirmed.
WHITMORE, J. and BATCHELDER, J. concur.